UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BYRON VARGAS,<br>    Plaintiff<br><br>v.<br><br>UNIVERSAL INSULATION, INC.,<br>MARO E. MALDONADO, individually and<br>d/b/a UNIVERSAL INSULATION and MARO'S<br>CASTING, and JORGE MALDONADO,<br>    Defendants | C.A. No.: |

## COMPLAINT

### I.  Introduction

This is an action brought by the Plaintiff against the Defendants seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, to remedy the unlawful conduct the Plaintiff suffered in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.*, and the Rhode Island Wage Act ("RIWA"), R.I.G.L. §28-14-1, *et seq.*

### II.  Parties

1.  The Plaintiff, Byron Vargas, is a resident of the City of Providence, County of Providence, State of Rhode Island, and was an employee, within the meaning of the FLSA and the RIMWA, employed by the Defendants.

2.  On information and belief, Defendant Universal Insulation, Inc. ("Universal") is a corporation that maintains a regular place of business located at 28 De Soto Street, Providence, Rhode Island 02909.

3.  At all relevant times, Defendant Maro E. Maldonado owned, operated, and/or controlled Defendant Universal, conducted business as Universal Insulation and/or Maro's Casting,

and directly and indirectly acted in the interests of Defendant Universal relative to its employees, and was, therefore an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

4. At all relevant times, Defendant Jorge Maldonado was employed by Defendant Universal and/or Defendant Maro E. Maldonado d/b/a Universal Insulation and Maro's Casting in a managerial capacity and directly and indirectly acted in the their interests relative to their employees, and was, therefore an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

5. At all relevant times, the Defendants were engaged in the stream of interstate commerce, and were the Plaintiff's employer within the meaning of 29 U.S.C. §203(d); *also see Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

6. The Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through a unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise with the meaning of 29 U.S.C. 203(r).

7. Defendants Universal and Maro E. Maldonado d/b/a Universal Insulation and Maro's Casting, at all times hereinafter mentioned, had annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

### III.   Jurisdiction

8. This Court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216 and supplemental jurisdiction over the Plaintiff's claims under the RIMWA and RIWA pursuant to 28 U.S.C. §1367.

### IV.   Venue

9. Venue is proper in this Court insofar as the Defendants are residents of or are doing business in Rhode Island and therefore are deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

#### A. Wage Violations

10. On or about July 5, 2013, the Plaintiff was hired by the Defendants as an insulation installer.

11. At his time of hire, the Plaintiff was paid at an hourly rate of $10.00.

12. In September, 2013, the Plaintiff's hourly rate was increased to $16.00.

13. During the duration of the Plaintiff's employment with the Defendants, the Defendants required the Plaintiff to work hours in excess of forty (40) hours in various workweeks without overtime pay. In fact, the Plaintiff, on average, worked seventy (70) hours per week while employed at Defendants.

14. The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

15. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1); *see also* R.I.G.L. §28-12-4.3. The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

16. The Plaintiff's primary job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. § 541.100(a)

17. The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

18. Nor did the Plaintiff's primary job duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

19. Despite the fact that the Plaintiff was a non-exempt employee, Defendants failed to pay the Plaintiff overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

20. The Defendants have willfully, recklessly, and repeatedly violated the provisions of the FLSA and the RIMWA by employing the Plaintiff for workweeks longer than forty hours (40) without compensating him for his employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times his regular rate at which he was employed.

21. As a proximate result of the Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income and other harm.

### B. Misclassification

22. That the Defendants misclassified the Plaintiff's employment status as an independent contractor, when the Plaintiff should have been considered and compensated as an employee.

23. During all relevant times, the Defendants maintained control of the Plaintiff's work relationship, including, but not limited to, providing work materials and equipment, creating the Plaintiff's work schedule, establishing his work hours, and assigning the Plaintiff to job sites.

24. As a result of the misclassification of the Plaintiff as an independent contractor, the Defendants failed and/or refused to provide the Plaintiff certain employment benefits, including, but not limited to, overtime compensation, proper pay stubs which reflect his total weekly hours worked, and other work-related benefits.

25. As a result of this misclassification, the Plaintiff suffered financial harm, including, but not limited to, increased income taxes and unearned overtime premium pay.

### VI. Claims for Relief

26. The Plaintiff incorporates the allegations contained in ¶¶1 through 25 above in the counts set forth below.

### Count One
### Violation of FLSA, 29 U.S.C. §207

27. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b) and/or other applicable law.

### Count Two
### Violation of the RIMWA, R.I.G.L. § 28-12-1, *et seq.*

28. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one

workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### Count Three
### Violation of R.I.G.L. §28-14-19.1, *et seq.*
### (Misclassification)

29. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the R.I.G.L. §28-14-19.1 by misclassifying the Plaintiff as an independent contractor, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2.

### VII.   Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. a declaratory judgment declaring that the Defendants willfully violated the overtime payment and misclassification provisions of the FLSA, the RIMWA, and the RIWA in the manner complained of herein;

2. in the alternative, a declaratory judgment declaring that the Defendants violated the overtime payment and misclassification provisions of the FLSA, the RIMWA, and the RIWA in the manner complained of herein;

3. an award of compensatory damages, plus pre-judgment interest thereon;

4. an award of liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a);

5. an award of reasonable attorneys' fees and costs of litigation;

6. an award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a); and,

7. an award of such other and further relief as this Honorable Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, and Michael D. Pushee, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY, P.C.

Dated: April 1, 2020

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
edf@formisanoandcompany.com

/s/ Michael D. Pushee
Michael D. Pushee (#6948)
mpushee@formisanoandcompany.com
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 1st day of April, 2020 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano